AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'17 JUN 21 AM 9:49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| KEN PHENG KEO (10) | Case Number: 16CR1695-BEN |
| | DAVID R. SILLDORF |
| | Defendant's Attorney |

**REGISTRATION NO.** 57378298

☐

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 2 OF THE INDICTMENT.

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1955 | ILLEGAL GAMBLING BUSINESS | 2 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.

☒ Assessment: $100.00 FORTHWITH.

☒ Fine waived    ☒ Forfeiture pursuant to order filed __JUNE 7, 2017__, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

JUNE 5, 2017
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

16CR1695-BEN

DEFENDANT: KEN PHENG KEO (10)
CASE NUMBER: 16CR1695-BEN

# PROBATION

The defendant is hereby sentenced to probation for a term of :

THREE (3) YEARS.

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: KEN PHENG KEO (10)
CASE NUMBER: 16CR1695-BEN

# SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☒ Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within ____ days.

☐ Complete ____ hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☒ Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

☒ Refrain from gambling or visiting any gambling establishments and attend Gamblers Anonymous meetings as directed by the probation officer.

||||||||||||||||||||||||||||||

FILED
JUN 0 7 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY MPL  DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16CR1695-BEN |
|---|---|
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| KEN PHENG KEO (10), | |
| Defendant. | |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in property of Defendant KEN PHENG KEO (10) ("Defendant"), pursuant to Title 18, United States Code, Section 981(a)(1)(C), 1955(d) and 1963, and Title 28, United States Code, Section 2461(c), as charged in the Indictment; and

WHEREAS, on or about October 25, 2016, Defendant pled guilty before Magistrate Judge Nita L. Stormes to Count 2 of the Indictment, which plea included consent to the forfeiture allegation of the Indictment, and an agreement to forfeit all rights and interest in all moneys, funds and credits in Wells Fargo bank account 3270371341, as well as the entry of a $15,470.00 judgment against the Defendant in favor of the United States; and

WHEREAS, on _June 5, 2017_ this Court accepted the guilty plea of Defendant; and

| | |
|---|---|
| 1 | WHEREAS, Wells Fargo bank account 3270371341 has already been forfeited |
| 2 | in the forfeiture order entered against co-defendant Minh Triet Dinh Nguyen (8) in |
| 3 | this case; and |
| 4 | WHEREAS, by virtue of the facts set forth in the plea agreement, the |
| 5 | United States has determined that $15,470.00 represents proceeds traceable to the |
| 6 | commission of the offense to which Defendant has pled guilty, 18 U.S.C. § 1955, as |
| 7 | charged in the Indictment; and |
| 8 | WHEREAS, by virtue of said guilty plea and the Court's findings, the |
| 9 | United States is now entitled to an Order of Forfeiture and a judgment in its favor |
| 10 | against the Defendant in the amount of $15,470.00 (in U.S. dollars) pursuant to |
| 11 | 18 U.S.C. § 981(a)(1)(C), 1955(d) and 1963, 28 U.S.C. § 2461(c), and Rule 32.2(b) |
| 12 | of the Federal Rules of Criminal Procedure; and |
| 13 | WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture |
| 14 | addendum, the United States has established the requisite nexus between the |
| 15 | $15,470.00 judgment and the offense; and |
| 16 | WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required |
| 17 | to the extent that the forfeiture consists of a money judgment;" and |
| 18 | WHEREAS, the United States, having submitted the Order herein to the |
| 19 | Defendant through his attorney of record, to review, and no objections having been |
| 20 | received; |
| 21 | Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED: |
| 22 | 1. Judgment shall be entered in favor of the United States against |
| 23 | Defendant KEN PHENG KEO (10) in the amount of $15,470.00 pursuant to 18 |
| 24 | U.S.C. § 981(a)(1)(C), 1955(d) and 1963, 28 U.S.C. § 2461(c). |
| 25 | 2. The Clerk of the Court is directed to enter a judgment in favor of the |
| 26 | United States against Defendant in the amount of $15,470.00 with interest to accrue |
| 27 | thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961. |
| 28 | // |

3. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

4. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment.

5. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

6. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $15,470.00 to satisfy the money judgment in whole or in part.

7. The United States may take any and all actions available to it to collect and enforce the judgment.

IT IS SO ORDERED.

DATED: 6/06/2017

Honorable Roger T. Benitez
United States District Judge